UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| BRIAN DUNNIGAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>YORK COUNTY, WILLIAM KING, in his official capacity, ERIC DAIGNEAULT, DONOVAN CRAM, and MATTHEW ROCCHIO,<br><br>　　　　Defendants | 2:19-cv-00450-GZS |

### ANSWER AND JURY DEMAND OF DEFENDANT ERIC DAIGNEAULT

NOW COMES Defendant, Eric Daigneault, by and through counsel, and answers Plaintiff's Complaint as follows:

### INTRODUCTION

1. Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

2. Defendant Daigneault admits that he used a taser on the Plaintiff because it was needed. Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint and demands strict proof thereof.

3. Defendant Daigneault is without sufficient information to admit or deny the allegations concerning Plaintiff's release or and whether the charges were dismissed and therefore denies same and demands strict proof thereof. Defendant

Daigneault denies the remaining allegations including that he or anyone at the jail violated Plaintiff's constitutional rights at any time.

## PARTIES

4. Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

5. Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

6. Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

7. Defendant Daigneault admits that he is employed by the York County Sheriff's Department as a corporal and that he was so employed on February 16, 2018. All remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8. Defendant Daigneault admits that Officer Cram was an employee in February 2018.

9. Defendant Daigneault admits that Officer Rocchio was an employee in February 2018.

## JURISDICTION

10. Paragraph 10 of Plaintiff's Complaint seeks a conclusion of law to which no answer is required of this Defendant. Defendant denies the allegations

that he violated any statutory, Constitutional or other duty to the Plaintiff and demands strict proof thereof. Defendant specifically denies the allegation that any Defendant violated the cited statute.

## GENERAL ALLEGATIONS

11. Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

12. Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

13. Defendant Daigneault admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 14 of the Complaint that he is an insulin-dependent diabetic and therefore denies same and demands strict proof thereof. Defendant further denies the remaining allegations contained in this paragraph and demand strict proof thereof.

15. Defendant Daigneault denies the allegations contained in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Defendant Daigneault admits that after processing Plaintiff was placed in a cell but denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17.     Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

18.     Defendant Daigneault denies the allegations contained in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19.     Defendant Daigneault denies the allegations contained in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20.     Defendant Daigneault admits that he prepared a taser and requested other officers to assist as he appropriately used the taser.  Defendant Daigneault denies the allegations contained in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21.     Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

22.     Defendant Daigneault denies that this is a correct description of the operation of the taser.  All allegations in this paragraph are denied and Defendant demands strict proof thereof.

23.     Defendant Daigneault admits that the taser he used can be used in drive-stun mode but denies that that is an accurate description of the process and denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant Daigneault denies the allegations contained in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25. Defendant Daigneault denies the allegations contained in Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26. Defendant Daigneault denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

27. Defendant Daigneault denies the allegations contained in Paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28. Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

29. Defendant Daigneault denies the allegations contained in Paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30. Defendant Daigneault admits that Plaintiff was released from the jail on February 17, 2018. This defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

31. Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

32. Defendant Daigneault is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

33. Defendant Daigneault denies that Plaintiff was tortured in the York County Jail. Defendant Daigneault is without sufficient information to form a

belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

34. Defendant Daigneault denies that Plaintiff was tortured in the York County Jail. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

### COUNT I – 42 U.S.C. § 1983, 5 M.R.S. § 4682
### (Cpl. Daigneault)

35. Defendant Daigneault repeats and reaffirms each and every answer to each and every allegation contained Paragraphs 1 through 34 of Plaintiff's Complaint as if set forth fully herein.

36. Paragraph 36 of Plaintiff's Complaint seeks a conclusion of law to which no answer is required of this Defendant. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

37. Defendant Daigneault denies the allegations contained in Paragraph 37 of Plaintiff's Complaint and demands strict proof thereof.

38. Defendant Daigneault denies the allegations contained in Paragraph 38 of Plaintiff's Complaint and demands strict proof thereof.

39. Defendant Daigneault denies the allegations contained in Paragraph 39 of Plaintiff's Complaint and the accompanying footnote and demands strict proof thereof.

40. Defendant Daigneault denies the allegations contained in Paragraph 40 of Plaintiff's Complaint and demands strict proof thereof.

41. Defendant Daigneault denies the allegations contained in Paragraph 41 of Plaintiff's Complaint and demands strict proof thereof.

42. Defendant Daigneault denies the allegations contained in Paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.

43. Wherefore, Defendant requests that the Plaintiff's complaint be dismissed and Defendant be awarded his costs.

### COUNT II – 42 U.S.C. § 1983, 5 M.R.S. §4682 Municipal Liability (York County and Sheriff King, Official Capacity)

44. Defendant Daigneault repeats and reaffirms each and every answer to each and every allegation contained Paragraphs 1 through 43 of Plaintiff's Complaint as if set forth fully herein.

45. Paragraph 45 of Plaintiff's Complaint seeks a conclusion of law and is not directed to this Defendant. Thus, no answer is required of this Defendant. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

46. Paragraph 46 of Plaintiff's Complaint seeks a conclusion of law and is not directed to this Defendant. Thus, no answer is required of this Defendant. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

47. Paragraph 47 of Plaintiff's Complaint seeks a conclusion of law and is not directed to this Defendant. Thus, no answer is required of this Defendant. To

the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

48. Defendant Daigneault has insufficient knowledge of the allegations to admit or deny their accuracy. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

49. Defendant Daigneault has insufficient knowledge of the allegations in Paragraph 49 of Plaintiff's Complaint and the accompanying footnote to admit or deny their accuracy. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

50. Defendant Daigneault has insufficient knowledge of the allegations in Paragraph 50 to admit or deny their accuracy. In addition, the allegations are not directed to this Defendant. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

51. Defendant Daigneault has insufficient knowledge of the allegations in Paragraph 51 to admit or deny their accuracy. In addition, the allegations are not directed to this Defendant. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

52. Defendant has insufficient knowledge to admit or deny the allegations in Paragraph 52 of Plaintiff's Complaint. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

53. Defendant has insufficient knowledge to admit or deny the allegations in Paragraph 53 of Plaintiff's Complaint. To the extent an answer is deemed

required, all material allegations are denied and Defendant demands strict proof thereof.

54. Paragraph 54 of Plaintiff's Complaint is not addressed to this Defendant and this Defendant does not have sufficient knowledge to admit or deny the allegations. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

55. Exhibit B was not attached to the complaint which Defendant and his attorneys have. This Defendant has insufficient knowledge to admit or deny the allegations in Paragraph 55 of Plaintiff's Complaint. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

56. The allegations in Paragraph 56 of Plaintiff's Complaint are not directed to this Defendant and further seek a conclusion of law to which no answer is required of this Defendant. To the extent an answer is deemed required, all material allegations are denied and Defendant demands strict proof thereof.

57. Defendant Daigneault denies the allegations contained in Paragraph 57 of Plaintiff's Complaint and demands strict proof thereof.

58. Defendant Daigneault denies the allegations contained in Paragraph 58 of Plaintiff's Complaint and demands strict proof thereof.

59. Defendant Daigneault denies the allegations in Paragraph 59 of Plaintiff's Complaint and demands strict proof thereof.

60. Wherefore, Defendant requests that the Plaintiff's complaint be dismissed and Defendant be awarded his costs.

### COUNT III – 42 U.S.C. § 1983, 5 M.R.S. §4682 Failure to Intervene
### (Office Cram, Officer Rocchio)

61. Defendant Daigneault repeats and reaffirms each and every answer to each and every allegation contained Paragraphs 1 through 60 of Plaintiff's Complaint as if set forth fully herein.

62. The allegations in Paragraph 62 of Plaintiff's Complaint are not directed to this Defendant. To the extent that any answer is required by this Defendant, Defendant Daigneault denies same and demands strict proof thereof.

63. The allegations in Paragraph 63 of Plaintiff's Complaint are not directed to this Defendant. To the extent that any answer is required, Defendant Daigneault denies same and demands strict proof thereof.

64. The allegations in Paragraph 64 of Plaintiff's Complaint are not directed to this Defendant. To the extend that any answer is required, Defendant Daigneault denies same and demands strict proof thereof.

65. Wherefore, Defendant requests that the Plaintiff's complaint be dismissed and Defendant be awarded his costs.

### AFFIRMATIVE DEFENSES

1. The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

2. No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

3.  To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107 and 8108.

4.  To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the immunity provisions of 14 M.R.S.A. § 8103.

5.  To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

6.  The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

7.  The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

8.  The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of his agents or employees.

10. The Plaintiff's claims are barred for the reason that the Defendant's actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

11. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

12. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

14. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983.

15. The Plaintiff's Complaint, in whole or in part, fails to state justiciable claims.

16. The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate his damages.

18. The Plaintiff's claims are barred, in whole or in part, by the exhaustion of remedies provisions in 42 U.S.C. § 1997(e). *Porter v. Nussle*, 534 U.S. 516 (2002).

19. The Plaintiff's claims are barred, in whole or in part, to the extent they are not based upon physical injury.

20. The Plaintiff's Complaint, in whole or in part, fails to state a cognizable claim under the Prison Litigation Reform Act.

21. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

22. Defendant reserves the right to assert any affirmative defenses raised by the other Defendant in this matter and adopts and incorporates those defenses by reference herein.

23. Defendant reserves the right to demonstrate, if appropriate, that there are other causes of the damages and injuries of which Plaintiffs complain, whether pre-existing, intervening, or otherwise.

24. Defendant reserves the right to argue that Plaintiff has failed to mitigate his damages in this case.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Daigneault demands judgment in his favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 26th day of December 2019.

> BY: /s/ Elizabeth G. Stouder
> Elizabeth G. Stouder
> Heidi J. Eddy
> Attorneys for Defendant Eric Daigneault

RICHARDSON, WHITMAN, LARGE & BADGER
465 Congress Street
P.O. Box 9545
Portland, ME 04112-9545
(207) 774-7474
estouder@rwlb.com
heddy@rwlb.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2019, I electronically filed the Answer by Defendant Eric Daigneault by using the CM/ECF system, which will provide notice to me and all other counsel of record.

BY:   /s/ Elizabeth G. Stouder
        Elizabeth G. Stouder
        Heidi J. Eddy
        Attorneys for Defendant Eric Daigneault

RICHARDSON, WHITMAN, LARGE & BADGER
465 Congress Street
P.O. Box 9545
Portland, ME 04112-9545
(207) 774-7474
estouder@rwlb.com
heddy@rwlb.com