UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

BRIAN DUNNIGAN,

        Plaintiff,

   vs.

YORK COUNTY, WILLIAM KING, ERIC
DAIGNEAULT, DONOVAN CRAM, and
MATTHEW ROCCHIO,

        Defendants

Civil No. 19-00450-GZS

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL (DEFENDANT DONOVAN CRAM)

Defendant Donovan Cram, by and through counsel, hereby responds to the Plaintiff's Complaint as follows:

INTRODUCTION

1.    The Defendant admits that the Plaintiff was admitted to the York County Jail on February 16, 2018 and that he was placed in a cell. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

2.    The Defendant admits that Defendant Daigneault deployed a taser in response to Plaintiff's resistance. The Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

3.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

PARTIES

4.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

5.     The Defendant admits York County is a Maine political subdivision. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

6.     The Defendant admits Sheriff William King is the Sheriff of York County. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

7.     The Defendant admits Eric Daigneault is employed by York County. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

8.     The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

9.     The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

JURISDICTION

10.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without

sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

GENERAL ALLEGATIONS

11.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

12.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

13.     The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

14.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

15.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

16.     The Defendant admits that he and Defendant Daigneault escorted the Plaintiff to intake cell 2131 and that they placed him on the bunk and instructed him not to move until the officers exited the cell. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

17.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

18.     The Defendant admits the Plaintiff was alone in intake cell 2131. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

19.     Some or all of the allegations contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

20.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

21.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

22.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

23.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

24.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

25.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

26.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

27.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

28.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

29.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

30.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

31.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

32.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

33.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

34.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

COUNT I – 42 U.S.C. § 1983, 5 M.R.S. § 4682
(Cpl. Daigneault)

35.     The Defendant repeats his responses to the preceding paragraph of Plaintiff's
Complaint.

36.     The allegations contained in this paragraph of the Plaintiff's Complaint are
offered to support claims that are not asserted against this Defendant; therefore, no response is
required.  Alternatively, the Defendant is without sufficient information or knowledge to form a
belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and,
accordingly, denies same.

37.     The allegations contained in this paragraph of the Plaintiff's Complaint are
offered to support claims that are not asserted against this Defendant; therefore, no response is
required.  Alternatively, the Defendant is without sufficient information or knowledge to form a
belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and,
accordingly, denies same.

38.     The allegations contained in this paragraph of the Plaintiff's Complaint are
offered to support claims that are not asserted against this Defendant; therefore, no response is
required.  Alternatively, the Defendant is without sufficient information or knowledge to form a
belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and,
accordingly, denies same.

39.     The allegations contained in this paragraph of the Plaintiff's Complaint are
offered to support claims that are not asserted against this Defendant; therefore, no response is
required.  Alternatively, the Defendant is without sufficient information or knowledge to form a
belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and,
accordingly, denies same.

40.     The allegations contained in this paragraph of the Plaintiff's Complaint are
offered to support claims that are not asserted against this Defendant; therefore, no response is

required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

41.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

42.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

43.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

COUNT II – 42 U.S.C. § 1983, 5 M.R.S. § 4682 Municipal Liability
(York County and Sheriff King, Official Capacity)

44.     The Defendant repeats his responses to the preceding paragraph of Plaintiff's Complaint.

45.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a

belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

46.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

47.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

48.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

49.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

50.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a

belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

51.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

52.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

53.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

54.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

55.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a

belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

56. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

57. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

58. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

59. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

60. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a

belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

COUNT III – 42 U.S.C. § 1983, 5 M.R.S. § 4682 Failure to Intervene
(Officer Cram, Officer Rocchio)

61.     The Defendant repeats his responses to the preceding paragraph of Plaintiff's Complaint.

62.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

63.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

64.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

65.     The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1.     The Defendant has at all times acted in good faith and without knowledge that his conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2.     The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3.     No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4.     To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S. § 8107 and 8108.

5.      To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the personal immunity provisions provided to the Defendant by the Maine Tort Claims Act, 14 M.R.S. § 8111(1)(C), (D) and (E).

6.      To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

7.      The conduct of the Plaintiff was the sole or a contributing cause of any injuries or damages he may have sustained, which bars or reduces the claims pursuant to comparative fault.

8.      The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

9.      The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of his agents or employees.

10.      The Plaintiff's claims are barred for the reason that the Defendant's actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

11.      The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

12.      The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

13.      The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

14.      To the extent that the Plaintiff seeks injunctive or declaratory relief, he has no standing.

15.      The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

16.      The Plaintiff's Complaint, in whole or in part, fails to state justiciable claims.

17.     The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate damages.

18.     The Defendant cannot be held liable for the alleged damages associated with conditions that pre-existed the events alleged in the Complaint.

19.     The Defendant cannot be held liable for the acts of others or for intervening or superseding causes.

20.     To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is capped by the personal exposure limit provided to the Defendant by the Maine Tort Claims Act. 14 M.R.S. § 8104-D.

**JURY DEMAND**

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Donovan Cram demands judgment in his favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 6th day of January, 2020.

> Attorneys for Defendants
> Donovan Cram and Matthew Rocchio
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
> jwall@monaghanleahy.com

BY:     /s/ John J. Wall, III
          John J. Wall, III

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2020, I electronically filed **Answer to Complaint and Affirmative Defenses and Demand for Jury Trial (Defendant Donovan Cram)** using the CM/ECF system, which will provide notice to me and all other counsel of record.

Dated at Portland, Maine this 6th day of January, 2020.

> Attorneys for Defendants
> Donovan Cram and Matthew Rocchio
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
> jwall@monaghanleahy.com

BY:   /s/ John J. Wall, III
      John J. Wall, III