UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRIAN DUNNIGAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-cv-00450-GZS |
| | ) | |
| YORK COUNTY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff alleges the defendants violated his constitutional rights while he was detained at the York County Jail. (Complaint, ECF No. 1.) Plaintiff moves for sanctions against Defendants York County and William King, in his official capacity, (collectively, the County Defendants), based on their failure to preserve certain video evidence. (Motion for Sanctions, ECF No. 68.)

Following a review of the parties' submissions, the Court denies the motion but authorizes Plaintiff to renew the motion as to one issue after the Court rules on the anticipated motions for summary judgment.

### BACKGROUND

On February 16, 2018, Plaintiff was arrested by officers from the Ogunquit police department and transported to the York County Jail (the jail), where officers placed him in a cell. (Complaint ¶¶ 11-12, 16.) Plaintiff is a diabetic and informed officers that he needed access to insulin. (*Id*. ¶ 15.) After officers placed Plaintiff in his cell, he repeatedly requested medical assistance. (*Id*. ¶ 17.)

Defendant Daigneault, a supervisor at the jail, entered Plaintiff's cell and asked Plaintiff to sign a summons issued by the Ogunquit police department. (*Id*. ¶ 19.) The parties disagree about what happened next. Plaintiff alleges Defendant Daigneault exited the cell and slammed the cell door shut after Plaintiff swore at him and demanded medication. (*Id*.) Plaintiff contends Defendant Daigneault then reentered the cell with his taser drawn, instructed other officers to restrain Plaintiff on the cell floor,[1] and tased Plaintiff several times. (*Id*. ¶ 20.)

Defendant Daigneault maintains that when he initially entered Plaintiff's cell, Plaintiff became aggressive and pushed him. (Motion at 11-12.)[2] According to Defendant Daigneault, he backed toward the threshold of the cell, drew his taser and fired, but the taser prongs were deflected by Plaintiff's shirt. (*Id*. at 12.) Defendant Daigneault asserts he then reentered the cell with other guards, who restrained Plaintiff on the cell floor; because Plaintiff continued to resist, Defendant Daigneault tased him. (*Id*.)

Officers then placed Plaintiff in a restraint chair and transferred him to the restraint chair room at the jail, where he remained for approximately thirty minutes. (Motion at 10.) Plaintiff was released from the jail the following day. (Complaint ¶ 30.)

On February 18, 2018, Plaintiff emailed Defendant King, the York County Sheriff, requesting to see the video of the incident and demanding an investigation. (Motion at 2.)

---

[1] Plaintiff alleges at least two other officers, Defendant Cram and Defendant Rocchio, were present in the cell during the incident. (*Id*. ¶ 62.)

[2] Plaintiff cites to Defendant Daigneault's deposition testimony for Defendant Daigneault's version of the events. (Motion at 11-12.)

The County Defendants initiated an investigation and preserved video of the incident. (*Id*.) The preserved video, archived in an Advanced Systems Format (ASF),[3] consists of video in which Plaintiff appears as recorded by five separate cameras at the jail over a sixty-six minute period.[4] (*Id*. at 5, 9.) The officer responsible for preserving the video did not preserve approximately fourteen minutes of video immediately preceding the incident in Plaintiff's cell from a camera that records the hallway outside the cell. (*Id*. at 2-3.)

Citing the spoliation of video evidence, Plaintiff asks the Court to exclude all video evidence. Alternatively, Plaintiff contends that the County Defendants should not be permitted to argue that the spoliated video would have corroborated the County Defendants' version of events or their contention that Plaintiff's injuries are not as significant as he asserts.

## LEGAL STANDARD

The spoliation of evidence

> can be defined as the failure to preserve evidence that is relevant to pending or potential litigation. In fact, a court may impose sanctions, including exclusion of evidence, even if such evidence is mishandled through

---

[3] ASF is a type of digital video file that is the "container format" for Windows Media, "designed primarily for storing and playing synchronized digital media streams and transmitting them over networks." "Overview of the ASF Format," available at https://docs.microsoft.com/en-us/windows/win32/wmformat/overview-of-the-asf-format.

[4] The County Defendants note that eight to ten seconds of video from one of the cameras is missing. (Defendants' Opposition at 8, ECF No. 79.) This missing footage is not the subject of Plaintiff's present motion.

> carelessness. Litigants have the responsibility of ensuring that relevant evidence is protected from loss or destruction.

*Gonzalez-Bermudez v. Abbot Labs. PR Inc*., 214 F. Supp. 3d 130, 160 (D. P.R. 2016) (citations and internal punctuation omitted). Federal Rule of Civil Procedure 37(e) essentially applies spoliation principles to electronically stored information:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>>
>> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>
>>> (A) presume that the lost information was unfavorable to the party;
>>>
>>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>>
>>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). The Advisory Committee Notes to the 2015 Amendment state that Rule 37(e), as amended, "forecloses reliance on inherent authority or state law to determine when certain measures should be used." Fed. R. Civ. P. 37(e) Advisory Committee's Notes to 2015 Amendment.

To obtain relief under Rule 37(e), a movant must establish (1) electronically stored information (ESI) has been lost and is not otherwise available; (2) the opposing party had a duty to preserve the ESI, because the party in possession of the ESI was on notice that litigation was reasonably anticipated and that the ESI would be relevant to that litigation; (3) the opposing party failed to take reasonable steps to preserve the information; (4) the

4

information could not be restored or replaced through other means; and (5) the loss of the information caused prejudice to the movant. *See Wai Feng Trading Co. Ltd. v. Quick Fitting, Inc.*, C.A. No. 13-33WES, 2019 WL 118412, at *5-6 (D. R.I. Jan. 7, 2019).

Upon a finding of spoliation, "a district court has broad discretion in choosing an appropriate sanction." *Sharp v. Hylas Yachts, LLC*, 872 F.3d 31, 42 (1st Cir. 2017). "[I]n the absence of evidence of bad faith or bad motive," however, "the remedy for spoliation should be based on the prejudice to the other party and must be closely calibrated to what is necessary to address the harm." *Wai Feng*, 2019 WL 118412, at *8 (citing *Trull v. Volkswagen of Am., Inc.*, 187 F.3d 88, 95-96 (1st Cir. 1999)).

## DISCUSSION

Plaintiff argues the County Defendants failed to preserve the video of Defendant Daigneault immediately preceding the incident in Plaintiff's cell and on the day of his release from the jail, and they failed to preserve the video in a usable format, including in a format that accurately depicted Plaintiff's physical condition following the incident.

The County Defendants contend there was no spoliation because they preserved all the available incident-related video of Plaintiff (except for a few seconds), none of the cameras had a view of Plaintiff inside the cell, and the video was preserved in an appropriate format. The County Defendants also maintain that because the focus of Plaintiff's claim is what happened inside Plaintiff's cell and because Plaintiff's sole claim against the County Defendants is based on an alleged failure to train the corrections officers, the failure to preserve video of space outside the cell is harmless.

5

At this stage of the proceedings, the Court cannot conclude the failure to preserve the video of outside the cell warrants a sanction. Video of the area outside the cell is potentially relevant to Plaintiff's claim that Defendant Daigneault exited the cell and then reentered the cell at a time when Plaintiff posed no threat to him or others. Defendant Daigneault's actions are also potentially relevant to the failure to train issue. For instance, whether Defendant Daigneault acted in accordance with the standard procedure under the circumstances is potentially relevant to the quality of training the County Defendants provided. Video of Defendant Daigneault's actions, therefore, even when he was not in Plaintiff's presence, would be relevant to the failure to train issue.

Whether and the extent to which Plaintiff is entitled to any relief would be informed by the prejudice, if any, to Plaintiff. The prejudice to Plaintiff, while possible, is not currently apparent. Because several defendants, including the County Defendants, intend to move for summary judgment, the claims to be tried are unknown. The trial issues, once defined, and the nature and quality of the evidence that might support the parties' claims and defenses, will inform the extent, if any, of any prejudice. The significance of the failure to preserve the video will depend, at least in part, on the degree of prejudice. While the Court cannot determine at this time on this record the significance of the failure to preserve the video of the area outside Plaintiff's cell, the Court will permit Plaintiff to renew his motion after the Court rules on the anticipated motions for summary judgment.

Plaintiff also argues that in its original format, the video had higher pixelation and included "a fuller … analysis of the time frames, relative simultaneous events in concurrent cameras, motion tracking, time analysis, and other critical information." (Motion at 10.)

The record, including the expert evidence, does not support a spoliation finding. For instance, Plaintiff's expert testified that as to ASF, "the way that it plays the video and the way it looks would be different [from the video's native software], but the video files, themselves, remain[] the same." (Deposition of Conor McCourt (McCourt Depo.) at 32:12-24, ECF No. 82.) He further testified that while "a more native format" for a video, that is, the original video recording software, may "sometimes" be available for viewing the video and may contain additional information, he did not know if that was the case for the video recordings in this case. (*Id*. at 34:24-35:9.) In sum, Plaintiff has not demonstrated that the quality of the video evidence, regardless of the extent of Plaintiff's injuries the video evidence might depict, constitutes spoliated evidence.

Plaintiff also contends the County Defendants should have preserved the video of his discharge from the jail the morning following the incident because the video would have depicted the injuries Plaintiff sustained in the incident. Plaintiff, however, has other evidence that depicts his injuries. Indeed, Plaintiff included in his complaint a photograph of the burns he contends were caused by the taser, which photograph was taken the day after his release from the jail. (Complaint ¶ 28, Fig. 2.) Plaintiff thus has presented no persuasive evidence to support the conclusion that the video would have depicted the injuries more accurately than other evidence he has of the injuries. "There is no basis for sanctions where information that was destroyed in one form is available in another form." *Hefter Impact Techs., LLC v. Sport Maska, Inc.*, 2017 WL 3317413, at *7 (D. Mass. Aug. 3, 2017). In other words, even if the County Defendants should have preserved the video of Plaintiff's discharge from the jail, Plaintiff cannot show prejudice.

7

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion without prejudice to Plaintiff's ability to renew the motion as to the County Defendants' failure to preserve the video of the space just outside Plaintiff's cell preceding and during the incident in Plaintiff's cell. After the Court rules on the anticipated summary judgment motions, Plaintiff may renew the motion if trial issues remain as to the County Defendants.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of August, 2022.